# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

## SOUTHERN DIVISION

| | |
|---|---|
| MOSES BOB PESSIMA,<br><br>                        Plaintiff,<br><br>         vs.<br><br>EMILY ALLEN, CHILD SUPPORT<br>SPECIALIST; THE SUPERVISOR OF EMILY<br>ALLEN, CHILD SUPPORT SPECIALIST<br>SUPERVISOR - DIVISION OF CHILD<br>SUPPORT; AND THE PROSECUTOR FOR<br>CHILD SUPPORT, DIVISION OF CHILD<br>SUPPORT;<br><br>                    Defendants. | 4:19-CV-04200-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION TO PROCEED WITHOUT<br>PREPAYMENT OF FEES AND 1915A<br>SCREENING FOR SERVICE |

Plaintiff Moses Bob Pessima filed a pro se civil rights lawsuit and asserts that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332. Doc. 1 at 3. Pessima moves to proceed in district court without prepayment of fees and has filed a financial affidavit. Doc. 3. This Court now screens Pessima's complaint and affidavit, Docs. 1 and 2, under 28 U.S.C. § 1915A.

## I.      Motion to Proceed without Prepayment of Fees

Pessima filed a motion to proceed without prepayment of fees and completed a financial affidavit. Doc. 3. A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154

(8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). Pessima's application shows insufficient funds to pay the filing fee and his motion to proceed without prepayment of fees, Doc. 3, is granted.

## II.      Allegations of Pessima's Complaint

Pessima claims that he was wrongfully arrested without a warrant at his home in September and November of 2019 at the instigation of Defendants for allegedly failing to pay child support when he had done so. Doc. 1 at 4. He asserts that defendant, Emily Allen, requested the arrest to occur and that Allen's supervisor failed to ascertain the truth of Allen's allegations and authorized the arrest. Id. On both occasions, Pessima claims he was incarcerated in the Minnehaha County Jail and was housed with "dangerous offenders." Id. On the incident in November of 2019, Pessima claims he demanded to see the arrest warrant but was not shown anything. Id.

Pessima alleges that at his court hearing the next day the presiding judge released him because there was no reason to warrant his arrest. Id. Pessima claims that he is afraid to be at home for fear of being arrested. Doc. 1-1 at 1. Pessima seeks relief and asks that someone be held responsible for causing him pain and suffering and that the court "may decide [what] is just and equitable according to [the] law." Doc. 1 at 5.

## III.     Discussion

### A.      Screening and Dismissal Standards

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v.

2

Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

**B.    Analysis**

Pessima has not indicated whether he is suing defendants in their individual and/or official capacities. *See* Doc. 1 and 2. Liberally construing the complaint, Pessima appears to be asserting that his Fourth Amendment rights have been violated, thus this Court has subject-matter jurisdiction

under 28 U.S.C. § 1331.[1] It is well established law that "a search or seizure carried out on a suspect's premises without a warrant is *per se* unreasonable[.]" <u>Coolidge v. N.H.</u>, 403 U.S. 443, 474 (1971). It is unclear whether Pessima's residence was subject to search or seizure, a false arrest under some circumstances qualifies as an illegal seizure. Here, Pessima alleges sufficient facts to support a claim that his Fourth Amendment rights have been violated by virtue of a warrantless arrest due allegedly to conduct by the defendants. Assuming all facts asserted in the Complaint as true, as this Court must do at this stage, this complaint is not wholly without merit. This Court directs that Pessima's Complaint and affidavit, Docs. 1 and 2, are be served.

## III.   Order

Accordingly, it is

ORDERED that, that Pessima's motion to proceed without prepayment of fees, Doc. 3, is granted and his filing fee is waived. It is further

ORDERED that Pessima's Fourth Amendment claim survives screening. It is further

ORDERED that the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Pessima so that he may complete and return the forms so that the complaint can be served upon defendants. It is further

ORDERED Pessima shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed. It is further

---

[1] Pessima's Complaint invokes diversity of citizenship under 28 U.S.C. § 1332, but discloses that all parties have South Dakota addresses. Doc. 1. There is no federal diversity of citizenship here, and Pessima's claim plainly is a civil rights claim under 42 U.S.C. § 1983 and in turn 28 U.S.C. § 1331.

ORDERED that the United States Marshals Service shall serve the completed summonses, together with a copy of the complaint and affidavit, Docs. 1 and 2, and this order, upon the defendants. It is further

ORDERED that the defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is finally

ORDERED that Pessima will keep the clerk of court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by this Court's Local Civil Rules while this case is pending.

DATED April __9__, 2020.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE